IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANGEL MAZARIEGOS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:05-CR-0324-CAP-JFK-11 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:11-CV-4373-CAP-JFK |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant, Angel Mazariegos, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this District under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. No. 1387), and the government's response, (Doc. No. 1413).

## I. Background

The Grand Jury for the Northern District of Georgia indicted Movant on five counts, including Count One, a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy. (Doc. No. 987 at 1-16). The RICO conspiracy involved a criminal organization called "Sureños 13" or "SUR-13" and the commission of certain overt acts, which included Movant's February 20, 2002, theft of a Ford Escort and

Movant's January 4, 2005, involvement in a drive-by shooting at S.G. (Id. at 11, 15). The Grand Jury also indicted Movant on Count Twenty-Five, the attempted murder of S.G.; Count Twenty-Six, the use of a handgun in relation to the attempted murder of S.G.; Count Twenty-Seven, a January 4, 2005, car-jacking; and Count Twenty-Eight, use of a firearm in relation to the January 4, 2005, carjacking. (Id. at 29-30). Movant pleaded not guilty and proceeded to trial represented by Sanford Wallack. (Doc. Nos. 566, 1009). The jury found Movant guilty on Count One and not guilty on Counts Twenty-Seven and Twenty-Eight. (Doc. 997). The Court declared a mistrial on Counts Twenty-Five and Twenty-Six, and those Counts were dismissed on the government's motion. (See Doc. Nos. 1006, 1084). The Court calculated Movant's Sentencing Guidelines range to be 70 to 87 months of imprisonment, imposed an upward variance, and sentenced Movant to a 160-month term of imprisonment. (Doc. No. 1084); see United States v. Mazariegos, 369 F. App'x 67, 68 (11th Cir.), cert. denied, _ U.S. _, 131 S. Ct. 818 (2010).

Movant directly appealed and argued: (1) that the district court erred in admitting certain evidence; (2) that there was insufficient evidence to prove that he engaged in two racketeering acts; (3) that there was insufficient evidence to prove that he committed the February 20, 2002, car theft; (4) "that the District Court erred by



AO 72A
(Rev.8/82)

increasing his base offense level for engaging in more than minimal planning"; and (5) "that the District Court erred by increasing his base offense level for the use of a minor[.]" United States v. Sandoval, 325 F. App'x 828, 830-31 (11th Cir. 2009). The Eleventh Circuit Court of Appeals found that Movant's sentence should not have been enhanced for more than minimal planning or for use of a minor and remanded for re-sentencing without those enhancements. Id. at 831. Otherwise, the Eleventh Circuit affirmed the judgment against Movant. Id. at 830-31.

On remand, the Court recalculated the guidelines range to be 37 to 46 months of imprisonment, again imposed an upward variance, and re-sentenced Movant to a 140-month term of imprisonment. (Doc. No. 1223); see Mazariegos, 369 F. App'x at 69. Movant appealed, (Doc. No. 1224), and the Eleventh Circuit Court of Appeals affirmed. Mazariegos, 369 F. App'x at 70. On December 13, 2010, the United States Supreme Court denied *certiorari*. Mazariegos v. United States, _ U.S. _, 131 S. Ct. 818 (2010). Movant now brings this § 2255 motion and raises four grounds for relief, which are set out further below. (Doc. No. 1387 at 5-5a).

## II. 28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United



AO 72A
(Rev.8/82)

States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However, "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164 (1982). Thus, § 2255 relief is reserved for claims that allege "a lack of jurisdiction or constitutional error" or allege other "error of law" that constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); accord Ayuso v. United States, 361 F. App'x 988, 991 (11th Cir. 2010). On collateral review, the presumptions and the burdens change – the defendant is no longer presumed innocent, the conviction is presumed valid, and it is the petitioner's burden to establish his right to relief. See Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69 (2009) (citing Herrera v. Collins, 506 U.S. 390, 399 (1993)); Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007) (stating that § 2255 movants have the "burden of establishing their right to relief from the judgment against them").



AO 72A
(Rev.8/82)

A defendant "must assert all available claims on direct appeal[.]" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." Gilbert v. United States, 640 F.3d 1293, 1331 (11th Cir. 2011) (quoting United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)) (internal quotation marks omitted). Further, claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011), petition for cert. filed, (Apr. 23, 2012) (No. 11-9985).

"[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn, 365 F.3d at 1235; see also Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (internal quotation marks omitted)). If a petitioner shows cause, he also must show prejudice



AO 72A
(Rev.8/82)

– that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (emphasis in original) (quoting Frady, 456 U.S. at 170) (internal quotation marks omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255) (quoting 28 U.S.C. § 2255). That is the case here, as shown in the discussion below.

## III. Discussion

As indicated earlier, the Court imposed an upward variance – from Movant's original 70-87 months guidelines range – when it sentenced Movant to 160 months of imprisonment. See Mazariegos, 369 F. App'x at 68 ("The court sentenced [Movant] to 160 months' imprisonment . . . in light of the violence involved in [Movant's] activities and the need to protect the public."). After remand and prior to re-



AO 72A
(Rev.8/82)

sentencing, the government moved for an upward variance (based on Movant's use of violence) from the guidelines range. (Doc. 1219 at 5-6).

At the sentencing hearing, the parties agreed that the new guidelines range was 37 to 46 months. (See Doc. No. 1232 at 5). Movant, through counsel, (1) stated that "[b]ased on the government's motion, which it filed, and based on this Court's statements at the last sentencing, I understand that the Court is looking to vary upward from the guideline range[,]" (id. at 9); and (2) addressed the government's motion for an upward variance, (id. at 7-12). After hearing the parties' arguments and considering the factors in 18 U.S.C. § 3553(a), the Court imposed an upward variance from the 37 to 46 months guidelines range and sentenced Movant to a 140-month term of imprisonment. (Id. at 19-21). The Court stated, "the Court does not believe the calculations adequately reflect the violent nature of the activities that [Movant] has entered into in connection with this case, and particularly points to the theft and overt acts in the drive-by shooting as well as the other activities, violent activities that he is involved with." (Id. at 20.)

On appeal from his re-sentencing, Movant argued, among other things, (1) that the Court relied on impermissible facts – facts pertaining to acquitted conduct or



AO 72A
(Rev.8/82)

uncharged conduct that was not submitted to the jury – when it imposed an upward variance from the guidelines range, (2) that the guidelines range adequately reflected Movant's criminal conduct, and (3) that the Court failed to identify § 3553(a) factors that justified the upward variance. Brief of Appellant at 11-15, Mazariegos, 369 F. App'x 67 (Oct. 7, 2009).

The Eleventh Circuit Court of Appeals rejected Movant's arguments.

> Upon review, we conclude that [Movant] has not shown that the district court committed procedural error or abused its discretion in imposing a significant upward variance from the advisory guidelines range. [Movant] had a violent criminal history including his activities with the SUR-13 gang. He was only twenty-two years old at the time of his arrest, but by this age he had engaged in at least two shootings, multiple robberies, and a carjacking, and he did so to increase his position within the gang. The district court was permitted to consider other, uncharged conduct when determining an appropriate and reasonable sentence.

Mazariegos, 369 F. App'x at 70.

In his § 2255 motion, Movant contends that the Court (1) violated his due process rights when it sentenced him based on acquitted and uncharged conduct, (2) denied him his Sixth Amendment right to a jury trial when it sentenced him based on acquitted conduct and uncharged conduct that was not submitted to the jury or admitted by Movant, (3) violated his due process rights when it failed to notify Movant



AO 72A
(Rev.8/82)

under Fed. R. Crim. P. 32(h) and U.S.S.G. § 6A1.4 that it would consider a sentence in excess of the guidelines range, and (4) violated his due process rights when it re-sentenced him over the guidelines range. (Doc. No. 1387 at 5-5a). Movant asserts ineffective assistance of counsel as the reason for his not previously raising these issues.[1] (Id. at 5). The government responds that Movant's claims fail on their merits and that counsel was not ineffective for failing to raise them on appeal. (Doc. No. 1413 at 8-13).

**A. Grounds One, Two, and Four**

Movant's § 2255 Grounds One, Two, and Four essentially repeat the claim – that the Court erred when it considered acquitted or uncharged conduct not presented to the jury when it re-sentenced him in excess of the guidelines range – which Movant raised on direct appeal. The Eleventh Circuit has already considered and rejected that claim, and Movant may not relitigate the matter in collateral proceedings. See Gilbert, 640 F.3d at 1331. Movant's repackaging of his claims as constitutional due-process and Sixth-Amendment claims does not change the prohibition on further review. See Nyhuis, 211 F.3d at 1343 ("[The movant] has merely re-characterized his prior . . .

[1]Movant does not raise any independent ineffective assistance of counsel claims, and the undersigned addresses ineffective assistance only as it is relevant to the issue of procedural default.



AO 72A
(Rev.8/82)

claim as a due process claim. A rejected claim does not merit rehearing on a different, but previously available, legal theory."). Grounds One, Two, and Four fail.

**B. <u>Ground Three</u>**

Movant's claims on direct appeal did not include any claim that he did not receive proper notice of the Court's intent to consider an upward variance from the guidelines range. Accordingly, Movant procedurally defaulted the claim he raises in Ground Three – lack of notice under Fed. R. Crim. P. 32(h) and U.S.S.G. § 6A1.4. Although a viable claim of ineffective assistance of appellate counsel can provide cause for a procedural default, Movant fails, as discussed below, to show that appellate counsel was ineffective for failing to raise a lack-of-notice claim.

To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and that (2) counsel's deficient representation prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 690-92 (1984) (holding that a criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance). Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Under the second prong, a movant "must show that there is a reasonable probability that, but for



AO 72A
(Rev.8/82)

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The movant has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted). The movant has the burden of establishing his claim by a preponderance of competent evidence. Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). Claims of ineffective assistance of appellate counsel are governed by the Strickland test. Owen v. Fla. Dep't of Corr., 686 F.3d 1181, 1202 (11th Cir. 2012). To succeed on a claim of ineffective assistance of appellate counsel, the movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not performed deficiently, there is a reasonable probability that the appellate outcome would have been favorable to the movant. See Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011).

"Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating



AO 72A
(Rev.8/82)

such a departure." Fed. R. Crim. P. 32(h); see also U.S.S.G. § 6A1.4 (same). Parties, however, are on notice that the guidelines range is advisory, and the notice requirement for an upward departure from the guidelines range does not apply to an upward variance from an advisory guidelines range. Irizarry v. United States, 553 U.S. 708, 712-16 (2008); United States v. Moran, 573 F.3d 1132, 1138 (11th Cir. 2009) ("[T]he notice requirement [for upward departures from the applicable guidelines range] does not apply to a variance from the advisory range under the Sentencing Guidelines."), cert. denied, _ U.S. _, 130 S. Ct. 1879 (2010); United States v. Gooden, 564 F.3d 887, 891 (7th Cir. 2009) ("Rule 32(h), which was applicable to *departures* before United States v. Booker, 543 U.S. 220 (2005), does not apply to post-Booker *variances* from the guidelines range . . . .").

Here, Movant had ample notice. The probability that the Court would consider imposing an upward variance from the advisory guidelines range based on Movant's past violent conduct was known to Movant before re-sentencing by virtue of the government's motion and by virtue of the Court's statements at Movant's first sentencing. Moreover, the notice requirement does not apply to a variance from an advisory guidelines range. Appellate counsel was not deficient for failing to raise this



AO 72A
(Rev.8/82)

issue on appeal. Movant fails to show cause for his default of Ground Three, and it is not further addressed.

## IV. <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Lott v. Attorney Gen.</u>, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows



AO 72A
(Rev.8/82)

> both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted based on the above discussion of Movant's grounds for relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**V. Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence, (Doc. No. 1387), and a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of the § 2255 motion to the undersigned Magistrate Judge.



AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED and DIRECTED** this 5th day of October, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)